14-2340-cr
United States v. Jones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of June, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,


             v.                                             14-2340-cr

JONATHAN MEDINA, DERRICK WOODS, also known as Sergeant Woods, CURTIS SCOTT, ROBERT WALKER, also known as Mongo, RODNEY PERSON, also known as Neff, LAMAR SMALLS, also known as Ugly, also known as Uggs,

                     *Defendants*,

JAIRED JONES,

                     *Defendant-Appellant*.

_____

Appearing for Defendant-Appellant:  Ryan Thomas Truskoski, Harwinton, CT.

Appearing for Appellee:           Michael D. Maimin, Jessica A. Masella, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** and that the defendant-appellant's claim of ineffective assistance of counsel is **DISMISSED**.

Defendant-Appellant Jaired Jones appeals from a June 25, 2014 judgment of the United States District Court for the Southern District of New York (Batts, *J.*) principally sentencing him to 151 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We first address Jones's claim of ineffective assistance of counsel. When faced with a claim of ineffective assistance of counsel on direct appeal, we may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Given our "baseline aversion to resolving ineffectiveness claims on direct review," *id.* (internal quotation marks omitted), as well as the fact that the exact nature of Jones's claim was not made clear until his reply brief, we dismiss Jones's ineffective assistance of counsel claim without prejudice to its renewal in a timely habeas petition.

We next address Jones's challenges to his sentence. "The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). We review the district court's sentence under a "deferential abuse-of-discretion standard." *Id.* at 189 (internal quotation marks omitted). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id.* Here, Jones argues both that the district court committed procedural error and that its sentence was substantively unreasonable. We reject both challenges.

"A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citations omitted). Among the factors a sentencing court must consider pursuant to Section 3553(a) is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Jones argues that, in imposing its sentence, the district court failed to explicitly consider sentencing disparities between Jones and his co-defendants. However, "[w]e have held that section 3553(a)(6) requires a district court to consider nationwide sentencing disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Thus, because "a district court may – but is not required to – consider sentencing disparity among co-defendants under 18 U.S.C. § 3553(a)(6)," *United States v. Johnson*, 567 F.3d 40, 54 (2d Cir. 2009), Jones's claim of procedural error fails.

2

We similarly reject Jones's substantive unreasonableness challenge. In reviewing for substantive error, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190 (citation omitted). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" but "will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id*. at 189 (internal quotation marks and emphasis omitted).

The district court sentenced Jones to 151 months' imprisonment, at the low end of the applicable Guidelines range. While we have declined to adopt a *per se* rule, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Jones nevertheless contends that his sentence is substantively unreasonable because of the disparity between his sentence and that of his co-defendants. However, as the government points out, there are significant distinctions between Jones and his co-defendants which justify the district court's disparate sentences. Unlike his co-defendants, Jones elected to contest his guilt and go to trial rather than plead guilty and accept responsibility, a distinction we have recognized as supporting a disparity in sentences. *See United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006) ("a reasonable explanation of the different sentences here is readily apparent . . . . All of those named above cooperated and pled guilty. Ebbers did not."). Although Jones argues he was penalized for exercising his right to go to trial, we have previously rejected such an argument where, as here, there was "nothing to indicate that the [district] court sought to penalize [the defendant] for exercising his right to put the government to its proof," and "the [district] court stated several other weighty reasons for the sentence it selected." *United States v. Tracy*, 12 F.3d 1186, 1202 (2d Cir. 1993); *see also United States v. Araujo*, 539 F.2d 287, 292 (2d Cir. 1976) ("A show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial.") (internal quotation marks omitted). In addition, Jones's increased sentence relative to his co-defendants is further supported by the district court's conclusion that Jones lied on the stand, making a two-level enhancement for obstruction of justice appropriate. *See* U.S.S.G. § 3C1.1. Accordingly, we also reject Jones's substantive unreasonableness challenge.

We have considered the remainder of Jones's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED and the defendant-appellant's claim of ineffective assistance of counsel is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3